# United States Court of Appeals
## For the First Circuit

---

No. 13-1341

SCOTT BELLONE,

Plaintiff, Appellant,

v.

SOUTHWICK-TOLLAND REGIONAL SCHOOL DISTRICT,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Kenneth P. Neiman, U.S. Magistrate Judge]

---

Before

Lynch, Chief Judge,
Stahl and Kayatta, Circuit Judges.

---

Scott Bellone, pro se.
Patricia M. Rapinchuk, Jeffrey J. Trapani, and Robinson Donovan, P.C. on brief for appellee.

---

May 2, 2014

---

**STAHL, <u>Circuit Judge</u>.** In this action alleging violations of the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. §§ 2601-2654, plaintiff-appellant Scott Bellone appeals from the district court's grant of summary judgment in favor of his former employer, the Southwick-Tolland Regional School District. He argues, among other things, that the district court overlooked several genuine issues of material fact, misapplied the parties' burdens of production, and relied upon inadmissible evidence.[1] We disagree and affirm.

## I. Facts & Background

We recite here only the undisputed facts that are relevant to this appeal, construing those facts in the light most favorable to Bellone. <u>See</u> <u>Ponte</u> v. <u>Steelcase Inc.</u>, 741 F.3d 310, 313 (1st Cir. 2014). Bellone has attempted to supplement the record on appeal with certain evidence that he did not present to the district court. As we made clear in a December 2013 order, we will decide this appeal on the basis of the record compiled before the district court. <u>See</u> Fed. R. App. P. 10(a) (describing the composition of the record on appeal); <u>Smith</u> v. <u>Jenkins</u>, 732 F.3d 51, 76 (1st Cir. 2013) ("Save for certain exceptions not applicable here, we do not consider arguments or evidence not presented to the district court.").

---

[1] Bellone was represented by counsel before the district court and in his opening brief on appeal. He filed his reply brief pro se.

Bellone began working for the Southwick-Tolland Regional School District in November 2005, as a fourth grade teacher at Woodland Elementary School in Southwick, Massachusetts. On March 4, 2010, Bellone informed the School District that he needed to take a two-week leave of absence for medical reasons. He provided a note from his physician, Dr. Aleksandr Pugach, stating that he would be unable to work from March 3, 2010 to March 23, 2010. On March 23, 2010, Bellone provided a second note from Dr. Pugach, stating that he would be unable to work from March 23, 2010 to April 15, 2010. On March 24, 2010, the School District sent Bellone what it later characterized as an FMLA eligibility notice. The letter instructed Bellone to fill out a certification form and return it within fifteen days. Dr. Pugach submitted the completed form on April 10, 2010, representing that Bellone was unable to perform the job function of "teach[ing] children" for what Dr. Pugach estimated would be an "uncertain" period of time.[2] On May

---

[2] The School District established this fact by attaching, as an exhibit to its summary judgment motion, the actual form submitted by Dr. Pugach and by describing Dr. Pugach's representations in an affidavit from the School District's superintendent. On appeal, Bellone challenges that portion of the affidavit as hearsay. See Vazquez v. Lopez-Rosario, 134 F.3d 28, 33 (1st Cir. 1998)("Evidence that is inadmissible at trial, such as inadmissible hearsay, may not be considered on summary judgment."). However, because Bellone did not raise any objection to the affidavit below, the district court was free to consider it. See Desrosiers v. Hartford Life & Accident Ins. Co., 515 F.3d 87, 91 (1st Cir. 2008). In any event, Bellone has not challenged the underlying medical record from Dr. Pugach, which would almost certainly have been admissible, see Fed. R. Evid. 803(6), even if the statement in the affidavit was not.

3, 2010, the School District notified Bellone that the form did not provide enough specific information about his medical condition. On May 10, 2010, Bellone gave the School District permission to communicate directly with Dr. Pugach. For the remainder of the academic year, which ended on June 21, 2010, the School District continued to receive correspondence from Dr. Pugach stating that Bellone was unable to work.[3]

On July 9, 2010, the School District sent Bellone what is known as an FMLA designation notice, informing him that he had been approved for FMLA leave, that the School District had designated his twelve-week leave period as March 4, 2010 through June 4, 2010, that he had exhausted his FMLA entitlement during that time, and, therefore, that the School District was "requiring that [Bellone's] physician indicate his/her medical opinion regarding [Bellone's] ability to come back to work for the next school year." The letter also informed Bellone that, if he was not medically able to return to work, he could apply for an unpaid leave of absence for up to one year, pursuant to the applicable collective bargaining agreement.

---

[3] The record in this case includes several notes from Dr. Pugach certifying Bellone's inability to perform his job duties from March 3, 2010 through May 27, 2010, as well as an affidavit from the superintendent stating that "[t]hroughout the remaining months of the school year, the District continued to receive correspondence from Dr. Pugach advising of Mr. Bellone's inability to perform the duties of his position." Bellone did not object to that portion of the affidavit before the district court, nor has he done so on appeal.

The School District did not hear from Bellone regarding his ability to return to work until it sent him another letter, on August 25, 2010, informing him that his position remained open and that he had seven days to provide evidence of his fitness for duty.[4] In response, the School District received a letter, dated August 30, 2010, from psychologist Robert L. Wing, who stated that he could "see no psychological reasons why [Bellone] should not return to work at the beginning of the new academic year."

The academic year began on September 1, 2010. On September 9, 2010, the School District sent Bellone a letter informing him that: (1) he was being placed on paid administrative leave as of the date it received the documentation from Robert Wing; (2) his salary would be at a 6B15 level for the coming year; and (3) he was expected to return to work on September 22, 2010, at which point he would be notified of his teaching assignment. Ultimately, the School District assigned Bellone to the following position, as described in the affidavit of the school superintendent:

---

[4] At around the same time, the School District offered Bellone's position to another individual, since the first day of the 2010-2011 academic year (September 1) was approaching, and teachers were required to report to work on August 30, 2010. That offer was qualified as to whether it would be for the entire academic year, given Bellone's uncertain health status.

> Half of Mr. Bellone's workday would be spent as a co-teacher in the same classroom and grade where he previously taught. The other half of the day would be spent as a teacher of individual students and small groups from the 3rd and 4th Grades, providing MCAS-based math tutoring and instruction.

The new position provided the same benefits and salary as the fourth grade teaching position Bellone had held before he went out on leave.[5]

Bellone, who believed the new position to be a demotion, did not report for work on September 22, 2010. He was immediately suspended without pay and then officially terminated in October 2010. He filed this lawsuit in June 2012, alleging that: (1) the School District interfered with his FMLA rights by failing to provide proper and timely FMLA eligibility and designation notices; (2) the School District's request for a fitness-for-duty certification interfered with his FMLA rights and was retaliatory; and (3) the School District's actions were retaliatory and caused Bellone severe emotional distress.

---

[5] In his pro se reply brief, Bellone belatedly suggests that there exists a genuine dispute of material fact as to whether the new position involved a reduction in salary. He has attempted to support that assertion with evidence not submitted to the district court, which we will not consider on appeal. See Smith, 732 F.3d at 76. The School District, on the other hand, supported with admissible evidence its representation before the district court that 6B15 was the correct salary level. The district court thus properly treated that fact as undisputed, and we will do the same. See Fed. R. Civ. P. 56(e)(2).

The School District filed a motion to dismiss Bellone's complaint, see Fed. R. Civ. P. 12(b)(6), which the district court converted into a motion for summary judgment, see Fed. R. Civ. P. 56, because the School District had attached certain exhibits that were outside the pleadings, see Fed. R. Civ. P. 12(d). Bellone filed an opposition and cross-motion for summary judgment. In January 2013, the district court granted summary judgment in favor of the School District. The court concluded, as relevant here, that: (1) the School District's FMLA eligibility and designation notices were indeed both inadequate and untimely, but Bellone had failed to demonstrate that he suffered any harm from the lack of notice; and (2) the School District's request for a medical opinion as to Bellone's ability to return to work constituted neither interference with his FMLA rights nor retaliation.[6] Bellone v. Southwick-Tolland Reg'l Sch. Dist., 915 F. Supp. 2d 187 (D. Mass. 2013). This appeal followed.

## II. Analysis

Our review is de novo. See McArdle v. Town of Dracut/Dracut Pub. Sch., 732 F.3d 29, 32 (1st Cir. 2013). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

---

[6] Bellone has not challenged the district court's grant of summary judgment with respect to either of his retaliation claims, so we do not address them here.

Under the FMLA, an eligible employee is guaranteed twelve weeks of unpaid leave during any twelve-month period for, among other things, a serious medical condition that renders the employee unable to perform his job duties. 29 U.S.C. § 2612(a)(1)(D). It is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided [by the FMLA]." Id. § 2615(a)(1). According to the Labor Department regulations that accompany the FMLA, when an employer "acquires knowledge that an employee's leave may be for an FMLA–qualifying reason, the employer must notify the employee of the employee's eligibility to take FMLA leave within five business days, absent extenuating circumstances." 29 C.F.R. § 825.300(b)(1). This is known as an eligibility notice. Once the employer "has enough information to determine whether the leave is being taken for a[n] FMLA–qualifying reason (e.g., after receiving a certification), the employer must notify the employee whether the leave will be designated and will be counted as FMLA leave within five business days absent extenuating circumstances." Id. § 825.300(d)(1). This is known as a designation notice.

Here, the district court concluded that the March 24, 2010 eligibility notice and the July 9, 2010 designation notice were both untimely, and that the eligibility notice was also inadequate, as it did not contain any of the information required by 29 C.F.R. § 825.300(b)(2) and (c). Bellone, 915 F. Supp. 2d at

194-95. The School District has not challenged those findings, so we accept them as correct for purposes of this appeal.

Nor has the School District challenged the validity of the Labor Department regulations, which provide that an employer's failure to follow the FMLA notice requirements "may constitute an interference with, restraint, or denial of the exercise of an employee's FMLA rights." 29 C.F.R. § 825.300(e). Late or inadequate notices, however, are not actionable unless they harm the employee. See Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, 90-91 (2002); McArdle, 732 F.3d at 34-35; Dube v. J.P. Morgan Investor Servs., 201 F. App'x 786, 788 (1st Cir. 2006) (per curiam). The harm Bellone claims is that he could have structured his leave differently in order to preserve some of his FMLA entitlement if the School District had given him the proper notice. See Ragsdale, 535 U.S. at 91; McArdle, 732 F.3d at 34; Dube, 201 F. App'x at 788.

We agree with the district court that Bellone has demonstrated no genuine dispute of material fact that would support a finding that he suffered harm as a result of the School District's late and inadequate notices. The record shows that Bellone went out on leave on March 4, 2010,[7] and, from that point

[7] Bellone argues that the exact start date of his FMLA leave is a genuine issue of material fact, but he does not dispute that he stopped coming to work on March 4, 2010, used more than twelve weeks of leave, and did not inform the School District until August 30, 2010 that he was able to return to work. What Bellone seems to

through the end of the academic year on June 21, 2010, the School District received regular communications from Dr. Pugach stating that Bellone was medically unable to work. Indeed, there is no affirmative evidence that Bellone was fit to return to work until August 30, 2010, which is when psychologist Robert Wing submitted his letter, stating that he saw "no psychological reasons why [Bellone] should not return to work at the beginning of the new academic year." Once the School District put forward evidence that Bellone could not have structured his leave differently, the burden was on Bellone to "offer 'definite, competent evidence to rebut the motion.'" Meuser v. Fed. Express Corp., 564 F.3d 507, 515 (1st Cir. 2009) (quoting Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991)); see Fed. R. Civ. P. 56(c)(1).

Yet Bellone presented no evidence whatsoever to contradict the notes from Dr. Pugach. He simply made unsupported statements in his amended complaint, which he repeated in his brief opposing the School District's summary judgment motion, that, had he known that his leave would count toward his FMLA entitlement, he could have preserved some of that leave by modifying his medical treatment, requesting a workplace accommodation or intermittent

---

be suggesting is that his leave should not have started counting toward his FMLA entitlement until the School District provided the proper notice. That, however, is not the governing rule. See Ragsdale, 535 U.S. at 84 (striking down a Labor Department regulation that provided that, if an employer did not properly designate a particular leave period as FMLA leave, it would not count toward the employee's FMLA entitlement).

leave, or returning to work earlier. Our case law is clear that, in the summary judgment context, a "nonmovant may not rest upon mere allegations in, say, an unverified complaint or lawyer's brief," Kelly v. United States, 924 F.2d 355, 357 (1st Cir. 1991), nor upon "denials of [the movant's] pleading, but must set forth specific facts showing that there is a genuine issue of material fact as to each issue upon which he would bear the ultimate burden of proof at trial," Sensing v. Outback Steakhouse of Fla., LLC, 575 F.3d 145, 152 (1st Cir. 2009) (citation and internal quotation marks omitted) (alteration in original); see also Rivera-Colón v. Mills, 635 F.3d 9, 12 (1st Cir. 2011) ("Unsupported allegations and speculation do not demonstrate either entitlement to summary judgment or the existence of a genuine issue of material fact sufficient to defeat summary judgment."). Bellone did not satisfy that burden, nor did he demonstrate, "by affidavit or declaration that, for specified reasons," he could not "present facts essential to justify" his opposition to the summary judgment motion. Fed. R. Civ. P. 56(d).

Bellone's burden to present evidence that it would have been medically possible for him to structure his leave differently distinguishes his case from Conoshenti v. Public Service Electric & Gas Co., 364 F.3d 135 (3d Cir. 2004), upon which he relies. In Conoshenti, as in this case, the defendant employer did not provide the requisite FMLA notice. Id. at 143. Part of the leave

Conoshenti had taken was due to a shoulder surgery, which he insisted he could have scheduled differently in order to preserve some of his leave time, had he known about his FMLA rights. Id. at 145 n.8. The Third Circuit reversed a grant of summary judgment in favor of Conoshenti's employer, emphasizing that the employer had "never asserted that Conoshenti could not meet his burden of proving that he could have structured his leave differently" and thus "did not satisfy its initial burden of pointing to an absence of evidence as to whether Conoshenti had been prejudiced." Id. at 146. "Conoshenti was therefore not required . . . to respond with specific facts establishing a genuine issue with respect to the prejudice requirement." Id. Here, on the other hand, the School District came forward with affirmative evidence demonstrating that Bellone was unable to return to work before the end of the academic year. At that point, it was up to Bellone to establish a genuine issue for trial by presenting more than just a bare allegation that he could have done things differently if he had known that his leave would count toward his FMLA entitlement.

The district court thus properly treated as undisputed the fact that Bellone could not have returned to work before the expiration of his FMLA leave. See Fed. R. Civ. P. 56(e)(2). "In short, nothing was lost, nor was any harm suffered, by reason of the alleged violations," McArdle, 732 F.3d at 35, and summary judgment was appropriate with respect to Bellone's notice claim.

Bellone's failure of production also dooms his claim that the School District violated the FMLA's requirement that a covered employee returning from leave be restored to his previous position, 29 U.S.C. § 2614(a)(1)(A), or "to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment," id. § 2614(a)(1)(B); see also 29 C.F.R. § 825.215 (defining the phrase "equivalent position"). We have held that an employee is not entitled to reinstatement under the FMLA if he is unable to return to work until after the expiration of his leave. Colburn v. Parker Hannifin/Nichols Portland Div., 429 F.3d 325, 332 (1st Cir. 2005); see 29 C.F.R. § 825.216(c). The undisputed facts in this case demonstrate that Bellone went out on leave on March 4, 2010 and was medically unable to return to work before at least the end of the academic year on June 21, 2010. That was a leave period of about fifteen weeks -- more than the twelve weeks guaranteed to Bellone under the FMLA. We therefore need not address whether the new position to which Bellone was assigned in the fall of 2010 was equivalent to his old one within the meaning of the FMLA. See Colburn, 429 F.3d at 332. The School District's failure to provide timely notice does not salvage Bellone's reinstatement argument, since he has not demonstrated that he could have returned to work within the FMLA period even if the School District had properly notified him of his rights. See Sarno v. Douglas Elliman-Gibbons & Ives, Inc., 183 F.3d 155, 161-62 (2d Cir. 1999) (assuming that

employer did not provide proper notice to employee of his FMLA rights but nonetheless finding no right to reinstatement where undisputed evidence demonstrated that employee was unable to return to work at end of leave period).

Bellone also claims that the School District did not uniformly apply its fitness-for-duty certification requirement, see 29 U.S.C. § 2614(a)(4), but he has failed to satisfy his summary judgment obligation on this point as well. The School District put forward evidence, in the form of an affidavit from the superintendent of schools, that it consistently requires a fitness-for-duty certification for any employee returning to work after a serious illness. Bellone did not offer any evidence to refute that assertion and thus has not demonstrated the existence of a genuine factual dispute. See Sensing, 575 F.3d at 152-53; Meuser, 564 F.3d at 515. On appeal, Bellone claims that he could not prove the absence of a uniform policy before discovery, but he never raised that argument in opposition to the School District's summary judgment motion, as required by Federal Rule of Civil Procedure 56(d), so we will not consider it at this stage. See Nieves-Romero v. United States, 715 F.3d 375, 381-82 (1st Cir. 2013).

Bellone also argues for the first time on appeal that the district court should have analyzed his case pursuant to the FMLA's special rules for school employees. See 29 U.S.C. § 2618; 29 C.F.R. §§ 825.600-825.604. We find that claim forfeited as well,

since it was not raised below. See United States v. Nee, 261 F.3d 79, 86 (1st Cir. 2001). In any event, we fail to see how the regulation that Bellone cites, 29 C.F.R. § 825.602(a)(1), would change the analysis here. Bellone has presented no evidence that he attempted to return to work "during the three-week period before the end of the term," id. § 825.602(a)(1)(ii), or that he was capable of doing so.

## III. Conclusion

For the foregoing reasons, we affirm. Each party shall bear its own costs.